**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KRYSTAL THERESA DAVIS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-1307** |
| | : | |
| **PHILADELPHIA POLICE DEPT.,** | : | |
| ***et al.*****,** | : | |
| **Defendants.** | : | |

## MEMORANDUM

**GOLDBERG, J.** **MAY 5, 2022**

Currently before me is a Motion to Proceed *In Forma Pauperis* and Complaint filed by Plaintiff Krystal Theresa Davis against the Philadelphia Police Department and University of Pennsylvania Police.[1] (ECF Nos. 1 & 4.) For the following reasons, I will grant Davis leave to proceed *in forma pauperis* and dismiss her Complaint.

## I. FACTUAL ALLEGATIONS[2]

The gist of Davis's Complaint is that police officers failed to adequately respond and/or protect her when she was the victim of an assault by a third party. The incident at issue occurred on March 17th – Davis does not specify the year but the incident apparently occurred in 2022 – when Davis was walking toward the intersection of 40th Street and Chestnut Street in Philadelphia

---

[1] Davis's Complaint was received on April 1, 2022 and docketed by the Clerk's Office on April 5, 2022. (ECF No. 1.) On April 6, 2022, I issued an Order directing Davis to either pay the fees or file a motion to proceed *in forma pauperis* within thirty days since the docket reflected she had done neither of those things. (ECF No. 3.) Unbeknownst to me, Davis filed a Motion to Proceed *In Forma Pauperis* on April 5, which was docketed on April 7. (ECF No. 4.) Accordingly, Davis has satisfied the directive set forth in my April 6 Order.

[2] The following facts are taken from the Complaint.

to catch a bus. (Compl. at 3.)[3] Davis alleges that Shyrice Clark "intentionally bumped" her "hard" and that the women then engaged in a verbal dispute. (*Id.*) The arguing continued after Davis reached the bus stop. (*Id.*)

At some point, Clark pulled a handgun from her pocketbook and threatened to shoot Davis. (*Id.* at 4.) Davis responded to the continued threats by pulling scissors from her pocketbook, causing Clark to goad Davis to stab her. (*Id.*) Davis concluded that Clark was not going to shoot her and put the scissors away, at which point an officer of the University of Pennsylvania Police Department approached Davis from behind. (*Id.*) Davis alleges that the office did not have his gun drawn despite the fact that Clark was still pointing the gun at Davis and that the officer was "laughing at first." (*Id.*) According to Davis, "[a]fter approx. 3 times, either [Clark] put the gun back in her pocketbook or on the ground and they proceeded to shove match chest to chest, with her arms flying around him trying to hit me as I stood behind the officer shouting threats at me and he trying to arm block her." (*Id.*) Davis alleges that during this interaction, the officer did not cover his gun and that neither Clark nor her gun were under control. (*Id.*) Additional officers arrived on the scene, at which point Clark was detained. (*Id.*) Clark was later charged with assault and related offenses, and those charges are currently pending. *Commonwealth v. Clark*, No. MC-51-CR-0004308-2022 (Phila. Municipal Ct.).

Davis believes that "[t]his incident was set up" and "has something to do with [her] other case, in the court of appeals, involving a phila officer," which she indicates was "accepted" by the Court of Appeals shortly prior to this incident.[4] (Compl. at 4.) Davis also alleges that she

---

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

[4] Davis refers to this appeal as "the davis v. rubin case" (Compl. at 4), which correlates with a case she filed against her former landlords stemming from her eviction. *See Davis v. Rubin*, Civ. A. No. 20-6271 (E.D. Pa.). The case bears no apparent connection to the events of March 17th.

"intimately" knew a "penn officer" for 20 years, who does not appear to have been present during the events of March 17, and that this officer "became a different person" when Davis "confronted him via text" about an "std incident." (*Id.*) Davis also claims that she has been "constantly harassed by marked phila police officers before the incident and ongoing" and notes that she "strongly suspect[s] [her] sons as well." (*Id.*)

As a result of these events, Davis claims to have suffered injuries in the form of "heightened sense of fight or flight." (*Id.* at 5.) She seeks the imposition of criminal charges against the officers involved in the relevant events "if found that directives were improperly followed" as well as damages. (*Id.*)

## II. STANDARD OF REVIEW

I will grant Davis leave to proceed *in forma pauperis* because it appears she cannot afford to prepay the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires me to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Davis is proceeding *pro se*, I

construe her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

Davis indicates that she brings this case pursuant to federal question jurisdiction but cites a Pennsylvania criminal statute as the basis for her claims. (Compl. at 2.) Read in conjunction with her request for relief, it appears Davis intends to in part seek prosecution of the officers whom she believes inadequately responded to Clark's behavior based on a theory that they committed crimes and/or violated her rights based on their allegedly inadequate response.[5] I will liberally construe the Complaint as asserting constitutional claims brought pursuant to 42 U.S.C. § 1983.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). However, "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies "when he himself is neither prosecuted nor threatened with prosecution") (citations omitted); *Lewis v. Jindal*, 368 Fed. Appx. 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.") (citations omitted); *Smith v. Friel*, No. 19-943, 2019 WL 3025239, at *4 (M.D. Pa. June 4, 2019), *report and recommendation adopted*, 2019 WL 3003380 (M.D. Pa. July 10, 2019) (collecting cases and stating "courts have long held that a civil rights

[5] Even if the Complaint could be liberally construed to raise claims under state law, there is no independent basis for jurisdiction over those claims. (*See* Compl. at 3 (indicating that the parties are Pennsylvania citizens).)

plaintiff may not seek relief in civil litigation in the form of an order directing the criminal prosecution of some third parties"). Accordingly, Davis may not proceed on any claims seeking prosecution or based on alleged criminal violations.

To the extent the Complaint can be liberally construed to assert constitutional claims based on the failure of the Defendant police departments' employees to adequately respond to the incident with Clark, those claims also fail. "As a general matter, . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989). But the State assumes a duty "'when it affirmatively places [a] person in a position of danger [that] the person would not otherwise have faced.'" *Mears v. Connolly*, 24 F.4th 880, 883 (3d Cir. 2022) (quoting *Kamara v. Att'y Gen.*, 420 F.3d 202, 216 (3d Cir. 2005)) (alterations in original). A plaintiff pursuing a "state-created danger" claim must plausibly allege the following elements: (1) the harm caused was foreseeable and direct; (2) the state actor acted "with a degree of culpability that shocks the conscience"; (3) the plaintiff was a foreseeable victim of the defendant's acts or a member of a discreet class of persons subjected to the potential harm brought about by the state's actions; and (4) the state actor affirmatively used his authority "in a way that created a danger to the [plaintiff] or that rendered the [plaintiff] more vulnerable to danger than had the state not acted at all." *Bright v. Westmoreland Cty.*, 443 F.3d 276, 281 (3d Cir. 2006).

Here, Davis alleges that the officer who responded to the incident with Clark initially failed to adequately subdue Clark and, while attempting to subdue her, failed to secure either his weapon or her weapon (although there are no allegations that shots were fired or that Clark obtained control of the officer's weapon). Notably, Clark was ultimately detained when additional officers arrived on the scene and was charged with crimes based on her actions. It is difficult, then, to discern how

the response to Clark's behavior, even if imperfect, created a greater danger to Davis had no action been taken at all. *See Jones v. Pi Kappa Alpha Int'l Fraternity, Inc.*, 765 F. App'x 802, 809 (3d Cir. 2019) ("At most, Jones has alleged that Ramapo employees should have done more to protect her from a private actor, which is outside the scope of the state-created danger doctrine."); *Morrow v. Balaski*, 719 F.3d 160, 179 (3d Cir. 2013) (*en banc*) ("[T]he requirement of an actual affirmative act is not intended to turn on semantics of act and omission. Instead, the requirement serves to distinguish cases where officials might have done more from cases where officials created or increased the risk itself." (alterations omitted)). Furthermore, even under a liberal construction, these allegations do not support conscience-shocking behavior and at most suggest possible negligence, which is not actionable under the Due Process Clause. *Daniels v. Williams,* 474 U.S. 327, 328 (1986) (holding that official's mere negligence is not actionable under § 1983 because "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property").

Davis also suggests that the allegedly inadequate response to Clark's actions may have been motivated by retaliation for an appeal she filed or her former friendship with a police officer, or that it is somehow related to unspecified harassment or matters concerning her sons. (Compl. at 4.) To state a plausible First Amendment retaliation claim, a plaintiff must allege that: (1) she engaged in constitutionally protected conduct; (2) she suffered an adverse action sufficient to deter a person of ordinary firmness from exercising her constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). The Complaint is devoid of allegations from which a plausible inference could be drawn that the responding officer's handling of the incident with Clark was motivated by an appeal that did not involve him or his department, the fizzling of a friendship

between Davis and another police officer, or any of the other matters to which Davis alludes. Her allegations here are entirely speculative and do not suffice to state a plausible claim upon which she could proceed. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."); *Lawson v. City of Philadelphia*, No. 18-1912, 2020 WL 1028042, at *5 (E.D. Pa. Mar. 2, 2020) ("It is well settled that a plaintiff cannot prevail on such a claim where he has alleged only a conclusory existence of a conspiracy in an attempt to impute the actions complained of to all defendants." (internal quotations and alteration omitted)).

Finally, Davis's claims fail because the Philadelphia Police Department is not a proper entity subject to suit under § 1983. *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *See Vurimindi v. City of Philadelphia*, No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (holding that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780-81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division). In any event, Davis has failed to allege a basis for municipal liability because she has not alleged that a municipal policy or custom caused the violation of her constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).

The University of Pennsylvania Police Department is a state actor because state law '"endows [the department] with the plenary authority of a municipal police department in the

patrol-zone territory, once the 'exclusive prerogative' of the City of Philadelphia.'" *Trippett v. McCullough*, No. 18-4958, 2018 WL 6325255, at *6 (E.D. Pa. Dec. 4, 2018) (quoting *Fleck v. Trs. Of Univ. of Pa.*, 995 F. Supp. 2d 390, 402 (E.D. Pa. 2014)). However, the University of Pennsylvania Police Department is not an entity capable of being sued under § 1983. *See id.*; *Gaines v. Univ. of Pa. Police Dep't*, No. 97-3381, 1997 WL 624281, at *3 (E.D. Pa. Oct. 7, 1997) (noting that "Penn's relationship to the Penn Police should be considered analogous to a municipality's relationship with its police department").

In sum, Davis has not alleged any plausible basis for proceeding, so I will dismiss her Complaint.

## IV. CONCLUSION

For the foregoing reasons, I will grant Davis leave to proceed *in forma pauperis* and dismiss her Complaint. After careful consideration, I conclude that amendment would be futile because Davis is pursuing claims upon which she cannot prevail based on the facts alleged. An appropriate Order follows.